**Terry Isaac SHEPHERD,**
**Plaintiff/Appellant,**

v.

**Joyce Shepherd METCALF,**
**Defendant/Appellee.**

Supreme Court of Tennessee,
at Knoxville.

July 30, 1990.

Michael J. Davenport, Johnson City, for plaintiff/appellant.

Sarah Y. Sheppeard, Allen, Taylor, Sheppeard & Parris, Knoxville, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

The parties in this case were married in April 1976 and divorced in May, 1980. One child was born of the marriage who was approximately twenty months of age at the time of the divorce. By agreement the mother was given the exclusive care, custody and control of the minor child subject to explicit and extensive visitation privileges reserved to the father who was obligated to pay an agreed amount of child support.

As noted by the trial judge in the decree which is the subject of this appeal, apparently this agreement worked well until December 1985 when Mr. Shepherd filed a petition setting out, in substance, that his former wife had remarried and was preparing to move to the State of Oklahoma with her new husband. The petition requested a change of custody and a temporary order restraining her from removing the child from the State pending further orders of the court.

Subsequent to a full hearing the trial court found that it was in the best interest of the child to remain in Tennessee in order for the father to maintain his relationship with the child, which the court found to be unusually close. The court ordered that

should the respondent, Joyce Metcalf, remove herself from the State the custody of the minor child was to be placed in the father, with the natural mother to have visitation at reasonable times and places when she visited in Tennessee and to have the child with her during the summer months at her home in Oklahoma. In the event she remained in Tennessee she was to retain custody as previously ordered with the father retaining the visitation rights set out in the original decree.

In March of 1986 the mother filed a petition to take the child with her on a visit to Oklahoma the week of March 30, 1986. This petition was granted. In June of 1986 Mrs. Metcalf filed a petition to modify the decree to allow the child to accompany her on extended visits to the State of Oklahoma. After a hearing on this petition in September 1986 the trial court reiterated the January order that in the event Mrs. Metcalf should remove herself from the State of Tennessee for purposes of changing residence or interfering with the visitation rights of Mr. Shepherd the custody of the minor child was to be granted to him with the right reserved in her for visitation at reasonable times and places in the State of Tennessee and the right to have the child with her during the summer months at her home. The previous order was modified to allow her to have the minor child with her on the first weekend of each month.

In October 1986 Mr. Shepherd filed a petition for change of custody alleging that on or about 26 September 1986 the respondent had advised him she was leaving the State of Tennessee and had delivered the child to him. The child had been in his custody since that time. The petition prayed for a decree giving him legal custody of the child with the right of reasonable visitation reserved to respondent. An order was entered finding that the best interest of the child would be served by awarding custody to the father subject to reasonable liberal visitation granted to the respondent as previously ordered. This order was set aside on motion of the respondent alleging that the petition had not been served upon her, that she had not changed

residence from the State of Tennessee, and requesting a hearing regarding custody of the minor child. After a hearing on 5 December 1986 the custody of the child was restored to Mrs. Metcalf. Subsequently a motion was filed on behalf of Mr. Shepherd alleging certain post-judgment facts had come to his attention which would indicate that Mrs. Metcalf had testified untruthfully at the previous hearing. This petition was followed in February of 1987 with a petition filed on his behalf for change of custody alleging that Mrs. Metcalf had moved to the State of Oklahoma with the intention of residing there on a permanent basis. Efforts were made to locate Mrs. Metcalf through her attorney of record, all to no avail. On 6 March 1987 the trial judge entered an order finding that Mrs. Metcalf had removed to the State of Oklahoma with the intent to permanently reside there and that the removal of the child from this State was in violation of the Court's order which constituted a change of circumstances warranting a change of custody to the father.

In June of 1987 a further hearing was granted on motion of Mrs. Metcalf. This was accompanied by a petition for contempt against Mr. Shepherd for denying Mrs. Metcalf the period of summer visitation with the minor child as previously ordered by the court. The petition for contempt was denied and the matter set for a hearing on 10 July 1987. At the conclusion of the July hearing the trial judge reviewed the foregoing series of pleadings and proceedings as well as the factual evidence introduced at the hearing. In the process of doing so he commented in substance that it was his intent insofar as possible to stop this seven years of litigation. He opined that the parties had pulled and tugged at the child long enough and expressed his view that he was acting in the best interest of the child because it was apparent that the party having legal custody had the attitude and feeling they could grant or withhold visitation privileges from the other. He placed joint legal custody in each of the parties. He stated his reasoning to be that neither of them would have

the right or feeling they could grant or withhold custody or obstruct visitation rights from the other. He reflected that the child was doing well, his school grades were good, he apparently had no medical problems. By reason of the fact that he was getting along well in school and there was no adequate proof in the record about the schools in the State of Oklahoma he was going to allow the child to remain in school in Washington County, Tennessee in the physical custody of his father during the school months of each year. The child was to be placed in the physical custody of his mother during the period of time when he was not in school. During such time as the child was in the physical custody of either parent the other was to have unlimited, reasonable visitation privileges at the location where the child happened to be. He reiterated his ruling was based on what he perceived to be the best interest of the child, with the conviction it was time for the litigation to come to an end, and for the parties to settle down and allow the child to grow into maturity in some kind of stable atmosphere.

Mrs. Metcalf appealed from this order to the Court of Appeals asserting that it was an abuse of discretion on the part of the trial court to vest joint legal custody in both parents and impose the burden of proof upon her to establish that removal of the child from the jurisdiction of the court was in the child's best interest.

The Court of Appeals reviewed the legal proceedings in the trial court and the evidence adduced at the final hearing in that court. They found that "the meager evidence introduced at trial preponderates against the trial court's order establishing joint custody." They reversed the trial court and reinstated the status quo reflected by the trial court's order of 5 December 1986 in which he left custody of the child with the mother with visitation rights remaining with the father. They found that the mother did not seek permission to remove the child with her to the State of Oklahoma therefore she may not relocate out of Tennessee with the child unless and until she has carried the burden on a subsequent petition in the trial court of showing that the move is in the welfare and best interest of the child in accordance with the rule established in *Seessel v. Seessel,* 748 S.W.2d 422 (Tenn.1988).

Mr. Shepherd has appealed from the intermediate court's judgment reversing the trial court. He charges that the appellate court erred in finding that he had failed to carry the burden of proof showing a change of circumstances warranting a change of custody. We agree with his conclusion on this issue. The proof heard in the trial court as found by the Court of Appeals is as follows: "The proof showed that the child had been in his father's custody for approximately three months in 1986 and some four and one-half months in 1987 by the time of the hearing. The child was happy and well-adjusted, was making good grades in school, was active in sports, church, and scouts, and enjoyed a good relationship with his father. The father was single, living in an apartment, and employed. A neighbor looked after the child after school hours until the father arrived home. In contrast, during the 1986–87 school year the mother had the child in different schools and had 'had a history of moving around quite often.' While her husband and other child were in Oklahoma, she had been employed in Morristown, until the abortive permanent move in February of 1987. The record also reflected turbulence in her marriage. Her husband had filed a divorce petition and had physically threatened her after her permanent move to Oklahoma. The mother conceded that the forced separation from her husband had created strains in her marriage, but there was no proof showing a deleterious effect on the child. Additionally, the trial court had re-affirmed that the mother was the proper custodian of the child as recently as December of 1986, shortly before the move to Oklahoma.

As to the move to Oklahoma, the proof showed that the child had been there for two weeks and had adjusted well in school. The only evidence of the quality of the Oklahoma schools was the mother's judgment that they were about the same as those in Tennessee. The child had a good relationship with his step-father and half-brother, and the step-father earned a good living and would treat the child as his own.

The family would live in a two-bedroom mobile home with the two boys sharing a bedroom. The plan was for the mother to remain in the home as a full-time mother to both children. No other proof was offered about the environment or location."

 The Court of Appeal's opinion has left the parties to this suit, as well as the minor child, in the same legal quagmire the trial court endeavored to end when he placed the child in the joint custody of the parents. It seems apparent from the legal maneuvering of both, in their efforts to assert their individual rights, that they were paying little attention to the best interests of the child. The trial judge referred to this in his findings when he stated that "they had pulled and tugged at this child long enough." We disagree with the Court of Appeals findings on the preponderance of the evidence; however, we concur with their legal conclusion that joint legal custody and its necessarily implied sharing of parental responsibility for decisions regarding care, abode, education, health, and other matters of general welfare of the child is not appropriate between parents separated by 1,000 miles and a bitterly fought custody dispute. The evidence at trial unequivocally shows that at the time of the final trial court hearing the child had spent no more than a few weeks in the State of Oklahoma with his mother and her new family. There is evidence that at the time a disruptive atmosphere prevailed in that home despite the testimony of Mrs. Metcalf and her husband to the contrary. There is no evidence of anything of that nature in the life of the child with his father in the State of Tennessee where he has spent most of his life. He is now in the neighborhood of 12 years-of-age, a time when a father's influence on a boy child becomes more important. We are of the opinion the judgment of the trial court, dividing physical custody, was the most practical decision he could make at the time, when two warring parents were bent on establishing their own legal right to custody. We conclude, however, that under the circumstances of this case legal custody should remain with the father who has carried the burden of showing this would be in the best interest of the child.

Either party has access to the court in the future should circumstances warrant such action. As the trial court reminded both parties at the final hearing of this case the decree remains within the control of the court subject to such changes or modification as the exigencies of the case may require and under the provisions of T.C.A. § 36–6–101(a) the Court may award the care, custody and control of the child to either of the parties, to both, or to some suitable person, as the welfare and interest of the child may demand.

The judgment of the Court of Appeals is reversed. The judgment of the trial court is affirmed insofar as physical custody of the child is concerned. The legal custody is placed in the father, Terry Isaac Shepherd. The case is remanded to the trial court for enforcement of its decree as modified. The costs on this appeal are taxed jointly to the appellant and the appellee.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.