# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned September 28, 2001

## BARRY SHAWN RALSTON v. GINA (RALSTON) HENLEY

**Appeal from the Circuit Court for Davidson County**
**No. 96D-2621     Carol Soloman, Judge**

---

### No. M2001-02274-COA-R9-CV - Filed October 2, 2001

---

This interlocutory appeal involves a dispute between divorced parents regarding the education of their eight- and ten-year-old daughters.  Four years after the Circuit Court for Davidson County awarded the parents joint custody of their children with the mother receiving primary physical custody, the mother unilaterally decided to withdraw the children from public school and to home school them over the father's objection.  After the trial court denied his request to enjoin the mother from removing the children from public school, the father perfected this Tenn. R. App. P. 9 appeal seeking review of the trial court's decision that the mother had the sole prerogative to make decisions regarding the children's education.  We have determined that an interlocutory appeal will prevent needless, expensive, and protracted litigation.  Accordingly, we grant the interlocutory appeal and vacate the trial court's order denying the father's petition to enjoin the mother from removing the parties' children from public school in accordance with Tenn. R. App. P. 10(b).[1]

### Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Vacated and Remanded

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Larry Hayes, Jr., Nashville, for the appellant, Barry Shawn Ralston.

Gregory D. Smith, Clarksville, Tennessee, for the appellee, Gina (Ralston) Henley.

### MEMORANDUM OPINION

### I.

Barry Shawn Ralston and Gina Ralston Henley were divorced on April 15, 1997, in the Circuit Court for Davidson County.  Based on the parties' agreement, the trial court granted them

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

joint custody of their two children, then four and six years old, with Ms. Henley being designated as the primary physical custodian.

Following the divorce, Ms. Henley enrolled the children in public schools in Davidson County. When Mr. Ralston attempted to pick up the children to take them to school in August 2001, Ms. Henley informed him that she had unilaterally decided to withdraw the children from public school and to home school them. On August 17, 2001, after Ms. Henley refused to be dissuaded from her decision, Mr. Ralston obtained a temporary restraining order preventing her from "changing the minor childrens' [sic] schools" pending a hearing. The case was thereafter assigned to another court.

The trial court to which the case had been assigned conducted a hearing on September 7, 2001, on Mr. Ralston's request for an injunction. After concluding that the joint custody provisions in the parties' April 15, 1997 decree "don't mean a whole lot unless it is set out in the decree that it means something more than the term noncustodial parent," the trial court denied Mr. Ralston's request for an injunction. During a later hearing on September 21, 2001, the trial court denied Mr. Ralston's motion for a stay pending appeal but granted him permission to seek an interlocutory appeal under Tenn. R. App. P. 9. Ms. Henley thereafter withdrew the parties' children from public school.

We have determined that an interlocutory appeal is warranted in this case. We have also determined that Mr. Ralston's Tenn. R. App. P. 9 application, Ms. Henley's response thereto, and the documents attached to the application and response fully set forth the parties' positions and the facts needed to decide this appeal. Accordingly, in order to save the parties the additional time and expense of further briefing and oral argument, we suspend the application of Tenn. R. App. P. 24-26 and 29 and find, in accordance with Tenn. R. App. P. 35(c) that oral argument is unnecessary. Tenn. R. App. P. 2; *Dowell v. Minor*, No. M2000-00378-COA-R9-CV, 2000 WL 489740 at *1 (Tenn. Ct. App. Apr. 26, 2000) (No Tenn. R. App. P. 11 application filed); *Hammock v. Sumner County*, No. 01A01-9710-CV-00600, 1997 WL 749461 at *1 (Tenn. Ct. App. Dec. 5, 1997), *pet. reh'g denied*, (Tenn. Ct. App. Dec. 30, 1997) (No Tenn. R. App. P. 11 application filed).

## II.

Sole custody arrangements differ significantly from joint custody arrangements. In a sole custody arrangement, the custodial parent has the sole and exclusive prerogative to make major life decisions regarding the parties' child or children without consulting the noncustodial parent. *Rust v. Rust*, 864 S.W.2d 52, 55 (Tenn. Ct. App. 1993). On the other hand, despite the trial court's view that joint custody "[b]asically . . . just makes the noncustodial parent feel better," joint custody arrangements necessarily imply a "sharing of parental responsibility for decisions regarding care, abode, education, health, and other matters of general welfare of the child." *Shepherd v. Metcalf*, 794 S.W.2d 348, 351 (Tenn. 1990); *Hoefler v. Hoefler*, No. M1998-00966-COA-R3-CV, 2001 WL 327897, at *5 (Tenn. Ct. App. Apr. 5, 2001) (No Tenn. R. App. P. 11 application filed).

Nowhere is the difference between sole and joint custody more clearly illustrated than in disputes regarding the education of minor children. In sole custody arrangements, the custodial parent has the sole prerogative to decide how the children will be educated. *Rust v. Rust*, 864 S.W.2d at 55. However, when the parents have joint custody, the significant decisions regarding a

child's education must be made by the parents jointly. When parents with joint custody cannot agree upon a major decision regarding their child's education, the trial court's must break the tie. *Hoefler v. Hoefler*, 2001 WL 327897, at \*5 n.3; *Anderson v. Anderson*, No. 03A01-9810-CV-00366, 1999 WL 436842, at \*3 (Tenn. Ct. App. June 29, 1999), *perm. app. denied* (Tenn. Nov. 22, 1999).

The trial court erred as a matter of law when it determined that the joint custody provision in the parties' April 15, 1997 divorce decree has no legal effect. This decree gave Mr. Ralston the right to participate in and consent to significant decisions regarding the children's education. Certainly, a decision to withdraw the children from public school and to home school them is just such a significant decision. Thus, Ms. Henley does not have the right to make this decision on her own, and Mr. Henley may request the trial court to break the tie once the parties disagreed about how their children should be educated.

## III.

The trial court's order dismissing Mr. Ralston's request for an injunction to prevent Ms. Henley from withdrawing the parties' children from public school is vacated and the case is remanded to the trial court for further proceedings consistent with this opinion. We also vacate the order denying Mr. Ralston's motion for a stay pending a hearing on the merits of his request for an injunction. Accordingly, we reinstate the August 17, 2001 temporary restraining order enjoining Ms. Henley from withdrawing the parties' children from public school and direct that the children be re-enrolled in school forthwith pending the hearing on Mr. Ralston's objections to Ms. Henley's decision to home school the parties' children. In accordance with Tenn. R. App. P. 42, we hereby direct that the mandate issue three days following the entry of this memorandum opinion unless stayed by the Tennessee Supreme Court. We tax the costs of this appeal to Barry Shawn Ralston and Gina Ralston Henley in equal proportions for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE