IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 7, 2006 Session

## MARK COWAN v. KIM HATMAKER, In Re: BC, D.O.B. 4/15/93, Minor child Under Eighteen (18) years of age

**Direct Appeal from the Chancery Court for Anderson County**
**No. 97CH5820    Hon. William E. Lantrip, Chancellor**

_____

**No. E2005-01433-COA-R3-CV  - FILED MARCH 3, 2006**

_____

The father filed a Petition to Change Custody of child from the mother to the father, alleging change of circumstances. Following trial, the Trial Court refused to order a change of custody, but modified the Parenting Plan. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which SHARON G. LEE, J., joined, and CHARLES D. SUSANO, JR., J., concurred and filed a separate Opinion.

Roger A. Miller, Clinton, Tennessee, for appellant.

Judith R. Whitfield, Oak Ridge, Tennessee, for appellee.

**OPINION**

**BACKGROUND**

Mark Cowan ("plaintiff"), and Kimberly Cowan Hatmaker ("defendant"), filed an Agreed Order which was entered by the Trial Court, stating that they had entered into a Permanent Parenting Plan which modified the prior Orders of the Court. The Permanent Parenting Plan was attached, and stated that the child, BC, d.o.b. 7/13/92, will primarily reside with the mother, and the father will pay child support. The Plan further provided for each party's schedule with the child, and stated that each parent would make day-to-day decisions for the child while the child was with that parent.

As to major decisions, the Plan stated that the father will be the sole decision-maker for educational matters, and "is to make all educational decisions regarding the child, in conjunction with the school system. As the primary residential custodian, the Mother shall follow all recommendations of Father/School System." The Plan further states that the father was to "have sole medical/dental decision making", and was also to make decisions regarding extracurricular activities.

Under a heading of "Other Provisions", the Plan stated:

> Mother will fully comply with all appointments, testings, and/or recommendations made for the child with any health, dental or educational professional. Further, Mother shall substantially comply (80%) with all recommendations (i.e. tutoring, Sylvan, etc.) made by the Father in conjunction with the School System or a health/dental/educational professional/provider. Failure of Mother to comply shall automatically be deemed a substantial and material change in circumstances.

> The cost(s) for tutors, testing, evaluations, special educational needs and/or materials, shall be borne equally by the parties. Mother is to ensure that the child is to have bi-annual dental exams (every six months). Mother shall ensure that the Father receives all information relative to the child's school performance to include but not limited to such things as daily progress notes, assignment books, copies of tests and the like.

Both parties signed the Plan, and it was approved by the Trial Court and entered in July 2003.

In November 2003, plaintiff filed a Petition to Modify Custody, stating that defendant had a "complete disregard" for the Plan and had refused to abide by same, which constituted a substantial change of circumstances. Plaintiff alleged that the child had been harmed by the mother's failure to comply with the Plan, because he had been diagnosed with ADHD and the mother had failed to make him take his medication, which caused him anxiety and lack of self-esteem. Further that the mother had moved from her home into her mother's home, and the child was living upstairs with his grandmother while the mother was living in the basement. Plaintiff further alleged that he was the fit and proper person to have custody of the child, and that it was in the child's best interest to reside with him.

The mother Answered, denying the allegations of the father's Petition, and that the father had failed to make decisions in accordance with educational and medical professionals, and she otherwise denied that a change of circumstances had taken place. The Answer also averred that the Petition should be dismissed for plaintiff's failure to comply with Tenn. Code Ann. §36-6-224, and because the Plan itself provided that the parties would submit any disputes to a Rule 31 mediator.

The Court entered an Order to Mediate Designating a Mediator, and referred the parties to mediate with Ronald Ridenour.

The plaintiff then filed a Motion for Contempt, asserting the mother had failed to comply with the Plan, and asked for the mother to be found in contempt of the Court.

The Court conducted a trial on May 4, 2005. Numerous witnesses testified, including Dr. John Robertson, a physician who had treated the child for the ADHD disorder, as well as the school principal, Joe Forgety, and the parties and other witnesses.

Following the trial, the Court entered an Order finding that father's Petition was not well-taken, and incorporated its Memorandum Opinion which states, in pertinent part:

> Well, the Court finds and is convinced that, at the conclusion of Mr. Forgety's testimony, this is a happy, well adjusted, normal child, who's having a successful school year. These are words right out of the principal's mouth. The Court finds that there is just a total absence of any material change of circumstances that would justify a relocation of this child from where he is located in a loving family with a younger sister and extended family members. There is absolutely nothing detrimental in the record about the home where this child is located. The record reflects that he's doing well in all aspects of his life, and has clearly expressed a desire, which has been communicated to this Court, to continue living with his mother. This is testimony from Mr. Cowan. There is no basis that exists to change the primary residential parent.

The Court further found that Dr. Robertson's care/treatment was appropriate. The Court found that the parties were unable to communicate, and that it made no sense for the father to have decision-making authority over education/extra-curricular activities for the child, so the Court vested such decision-making authority with the mother. The Court stated that it could not "emphasize enough the testimony of the principal that this is a loving, well behaved and normal child who is doing well, his grades reflect that he is an average to above average student who's doing well in his school work."

Additionally, the Court formulated a new Plan, and Ordered the plaintiff to pay the mother's attorney's fees of $12,487.50, as well as court costs. The revised Plan states the mother will make decisions regarding education/extra curricular activities, and the father will make decisions regarding medical matters. (But the mother can obtain a second opinion).

## DISCUSSION

The plaintiff raises these issues on appeal:

1. Whether the Trial Court erred in finding there was no material change of circumstances, when the evidence showed that mother was not in compliance with the Plan, and the Plan provided that mother's failure to comply would

-3-

be deemed a material change of circumstances?

2. Whether the Trial Court erred in finding there was no material change of circumstances based on the evidence as a whole?

3. Whether it was in the best interest of the child to modify custody?

4. Whether the mother was entitled to attorney's fees?

In child custody cases, appellate review is *de novo* upon the record with a presumption of the correctness of the Trial Court's findings of fact. Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). In seeking a change of custody, it was the plaintiff's burden to show a substantial and material change of circumstances. As this Court has previously explained:

> In child custody cases, the law is well established that when a decree awarding custody of children has been entered, that decree is res judicata and is conclusive in a subsequent application to change custody unless some new fact has occurred which has altered the circumstances in a material way so that the welfare of the child requires a change of custody. In other words, once the trial court has made an initial determination with respect to custody, it cannot entertain a subsequent petition to modify custody absent a material change in circumstances such that the welfare of the child demands a redetermination. . . .
>
> A "material change in circumstances" justifying modification of a child custody order may include factors arising after the initial determination or changed conditions that could not be anticipated at the time of the original order. If the trial court finds that there has been a material change in circumstances, it will then consider the petition to modify custody using a best interests standard.
>
> As this court has previously recognized, there is a strong presumption in favor of the existing custody arrangement. The party seeking to change the existing custody arrangement has the burden of proof to show both that the child's circumstances have materially changed in a way that was not reasonably foreseeable at the time of the original custody decision and that changing the existing custody arrangement will serve the child's best interests.
>
> Under this standard, the primary inquiry is whether there has been a material change in the child's circumstances. Although there is no concrete definition for what constitutes a material change of circumstances, this court has enumerated several factors that should be be taken into consideration when determining whether such a change has occurred. In general, the change must occur after the entry of the order sought to be modified and the change cannot be one that was known or reasonably

anticipated when the order was entered. In addition, the material change of circumstances must be a change in the child's circumstances, not the circumstances of either or both of the parents. Finally, the change must affect the child's well-being in a material way.

*Hoalcraft v. Smithson*, 19 S.W.3d 822, 829 (Tenn. Ct. App. 1999)(citations omitted).

First, plaintiff argues that a material change of circumstances occurred because the Plan stated that if the mother failed to substantially comply with father's educational decisions, it would be deemed to be a material change of circumstances. However, this Court has explained in *Forbes v. Forbes*, 2005 WL 2416660 (Tenn. Ct. App. Sept. 30, 2005), any provision in a decree that affects the care, custody, and control of minor children remains within the control of the court and is subject to "such changes or modifications as the exigencies of the case may require." Tenn. Code Ann. §36-6-101(a). *Also see, Shepherd v. Metcalf*, 794 S.W.2d 348 (Tenn. 1990). Our Court went on to state that "the parties cannot bargain away the court's continuing jurisdiction over the care of the child . . .". *Id*. at 4. The statute provides that:

> If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances which make the parenting plan no longer in the best interest of the child.

Tenn. Code Ann. § 36-6-101(a)(2)(B). Under the statute, the petitioner must prove a material change in circumstance to be finally determined by the court. The parties cannot simply dictate what will constitute a change of circumstances. Moreover, noncompliance with the plan is only one factor to be considered. *Also see,* Tenn. Code Ann. § 36-6-101(a)2(C).

The father also maintains he proved that a material change in circumstance had occurred, because of the child's school problems and his ADHD, the medication issues, and because the mother had moved in with the grandmother. He also complains about the mother's financial status and the fact that she was not working at the time of trial.

To constitute a change, the change must occur after the entry of the order sought to be modified and the change cannot be one that was known or reasonably anticipated when the order was entered. The evidence establishes the child was already having trouble in school and had begun treatment for his diagnosis of ADHD before implementation of the Plan under review. These facts do not constitute a material change in circumstances. The fact that the child and mother had moved in with the grandmother and that the mother had quit her job were a change in the child's circumstances, but this change must affect the child's well-being in a material way, and there was simply no evidence that this had occurred. The mother testified that quitting her job had allowed her

-5-

to spend more time with the children and participate in more of their activities.  She testified that her work was as a barber, and that the family was used to living on a budget even when she was working.  Aside from the stress of the custody dispute, everyone except the father testified that the child was happy, normal, and well-adjusted. The Trial Court found, the father had failed to carry his burden of proving that a material change in circumstances had occurred to require a change in the custody of the child, and the evidence does not preponderate against the Trial Court's findings. Tenn. R. App. P. 13(d).[1]

The father also argues the Trial Court improperly granted mother attorney's fees in defending his Petition.  He concedes that attorney's fees are allowable in such actions, and further concedes that an award of the same is reviewed using an abuse of discretion standard.  However, he argues the Trial Court abused its discretion, however, because the father should have prevailed on the substantive issues. Having found that the Trial Court correctly decided the underlying issue, the basis was established to allow the Judge in the exercise of his sound discretion to award reasonable attorney's fees.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Mark Cowan.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]The Trial Court essentially found changed circumstances, but found them not to be "material" because the charges did not affect "the child's best interest."  Tenn. Code Ann. § 36-6-101(a)2(c).