**Leslieann Lee SEESSEL,
Plaintiff/Appellee,**

v.

**Richard Arthur SEESSEL,
Defendant/Appellant.**

Supreme Court of Tennessee,
at Jackson.

March 14, 1988.

Rehearing Denied April 25, 1988.

David E. Caywood, Kathryn A. King, Picard & Caywood, Memphis, for plaintiff/appellee.

Stevan L. Black, Hanover, Walsh, Jalenak & Blair, Memphis, for defendant/appellant.

## OPINION

O'BRIEN, Justice.

The parties in this case were divorced on 15 August 1980 on the grounds of irrecon-cilable differences. The divorce decree incorporated by reference an agreement by the terms of which the plaintiff-appellee, who was also granted the divorce, was given custody of the two-year-old child of the parties, Dustin Arthur Seessel.

On 21 January 1987 the custodial parent filed a petition seeking approval of the court to move with the child from Shelby County, Tennessee, to Denver, Colorado. After a hearing of the matter, in which the petitioner was afforded the opportunity to present whatever proof she felt appropriate, the trial judge ruled that the issue in the case was the best interest of the child, who was then nine years of age, and not whether the child would have problems adjusting in Denver. He denied the petition, setting forth the reasons for his ruling.

An appeal as of right was taken from the trial court's judgment. The Court of Appeals reviewed the record, including what they considered to be pertinent provisions of the child custody agreement incorporated in the divorce decree, and concluded there was not any indication that allowing Mrs. Seessel to take her son to Denver would be adverse to his best interest. Recognizing the rule that review in a non-jury case is de novo on the record of the trial court with a presumption of correctness of its findings of fact, unless the preponderance of the evidence is otherwise,[1] they found that the evidence preponderated against the finding of the trial court. They reversed its decision and remanded for any further necessary proceedings consistent with their opinion. The court's order was entered on 27 October 1987.

Although these proceedings are not in the record before us, we glean from the defendant-appellant's application for a Rule 11 appeal from the orders of the Court of Appeals that on 29 October 1987 Mr. Seessel filed a petition in the trial court for change of custody, for temporary injunction and for stay of the appellate court order, pursuant to Tennessee Rule of Civil Procedure 62. The trial judge enjoined Mrs. Seessel from removing the minor child

---

1. T.R.A.P. 13(d), *Hass v. Knighton,* 676 S.W.2d 554, 555 (Tenn.1984).

from Shelby County, Tennessee pending a hearing on the petition for change of custody. She then made application to the Court of Appeals for a T.R.A.P. 10 extraordinary appeal by permission. In response to a court order Mr. Seessel filed an answer to the application. The Court of Appeals granted the application on the basis that the action of the trial court had so far departed from the accepted and usual course of judicial proceedings as to require immediate review. The order of the trial court purporting to stay the order and judgment of the Court of Appeals and enjoining Mrs. Seessel from taking the minor child from Shelby County, Tennessee was found to be in excess of the trial court's jurisdiction, and void on its face. The order of the trial court was vacated. The Court held, "[I]t is the duty of the trial court to enforce the judgment of this Court. The defendant is not prejudiced from taking such other or further action as he may be permitted by law, but in no event is the judgment of this Court to be altered or undone save by order of this Court or of the Supreme Court of Tennessee."

This Court granted the T.R.A.P. 11 application for permission to appeal in order to correct a misapprehension of the law in this State in reference to the burden of proof involving the relocation and removal of minor children from the jurisdiction of a court which has granted a divorce and awarded custody.

■ Prior to embarking on that mission we consider it pertinent to note that the Court of Appeals was correct in its ruling that the trial court acted in excess of its jurisdiction in endeavoring to stay the order and judgment of that court. Unquestionably the trial court retained jurisdiction to entertain the petition for change of custody filed on behalf of Mr. Seessel. T.C.A. § 36–6–101. However it had no power to enjoin or stay the order of the appellate court. The appropriate procedure to secure such relief should be by petition to rehear in the Court of Appeals (T.R.A.P. 39) or, in the alternative, application for

permission to appeal to the Supreme Court. T.R.A.P. 42.

In the opinion of the Court of Appeals overruling the trial court's order the following statement is made:

"Recognizing that the best interest of the child is paramount, we first must determine who has the burden of proving that the move to Denver would or would not be in the best interest of the couple's minor son. In *Walker v. Walker*, 656 S.W.2d 11 (Tenn.App.1983), the court stated that, 'In the situation where no injunction has been issued in the award of custody, the parent contesting the relocation should bear the burden of showing that the relocation is not in the best interest of the [child].' *Id.* at 17–18. In this case no injunction has issued preventing Ms. Seessel from removing her son from the jurisdiction; therefore Mr. Seessel must carry the burden of proving that the move is not in the best interest of the child."

The citation from *Walker* is the direct outgrowth of a suggestion made by the dissenting judge in the unpublished opinion of the Court of Appeals in *Frey v. Meade*, filed 20 August 1982 in which the author of the dissent said:

"I believe that a far better rule and one which I would urge our highest court to adopt is that a custodial parent and the child should be allowed freedom of interstate residential movement absent affirmative proof by the party contesting such movement that it would not be in the best interest of the minor child. Or stated differently, unless the party seeking to block the change of domicile—usually the non-custodial spouse—can show by a preponderance of the evidence that such a move would not be in the child's interest, it should be allowed." (Citations omitted).

We think the better rule is stated in the majority opinion in *Frey*, supra, citing from 24 Am.Jur.2d, Divorce and Separation, Sec. 798 (1966):[2]

---

**2.** The subject quotation is found at Sec. 989, et.

seq., Divorce and Separation, 24 Am.Jur.2d in

"A court which grants a divorce or separation may expressly authorize the removal of a minor child from the jurisdiction. Similarly, the court has the power to award custody ... to one who contemplates an immediate removal of the child from the jurisdiction.... It has accordingly been stated that it is against the policy of the law to permit the removal of a minor child from the State unless the applicant shows that the best interests of the child will be better served by its removal.

The question whether the court shall permit or prohibit the removal of the child rests within its sound judicial discretion. The general rule that in matters affecting the custody of a child the court will be governed primarily by the welfare and best interest of the child applies in determining whether to permit or prohibit removal of the child from the jurisdiction."

■ We hold that the Court of Appeals erred in its ruling that a non-custodial parent contesting the change of domicile of a child of the parties must carry the burden of proving that the relocation is not in the child's best interests. Therefore we overrule the court below and so much of *Walker,* supra, and its progeny, holding to the contrary. The burden of proof in such cases remains with the applicant to show that the best interests of the child will be better served by its relocation.[3]

In reference to the order on the Rule 10 application the Court of Appeals held that the trial court had exceeded its jurisdiction and the order of that court was void on its face. We have not seen that order, however, the order of the appellate court on the original appeal in this matter did no more than reverse the decision of the trial court and remand the case for any further necessary proceedings consistent with the opinion. The lower court had not previously considered a petition for change of custody. Apparently, from the evidence in the record, such a petition had not been filed earlier because the original plaintiff had

stated in her discovery deposition that if the court did not allow her to remove the minor child from the jurisdiction she would remain in Shelby County, Tennessee rather than remove herself to Denver, Colorado. The child, as we understand it, is now in Denver, Colorado with his mother in accordance with the order of the appellate court. It is our view that his interests will be better served by his remaining there pending final adjudication by the trial court. We assume Mrs. Seessel will abide by any appropriate and future order of the trial court as she has in the past. There is now pending in that court a petition for change of custody in which the burden is upon the petitioner to show some change in circumstances which warrants such a change of custody. The issue of relocation of the child Dustin should be retried in conjunction with the custody issue with the burden on the petitioner to show that the move is in the best interests of the child.

The case is remanded to the trial court for such other and further proceedings as may be in order in accordance with this opinion. The costs are adjudged equally against the parties.

HARBISON, C.J., and FONES, COOPER and DROWOTA, JJ., concur.

---

the 1983 revised version.

**3.** *Walker* also contains a further error at p. 16 relative to the standard of review in cases in-

volving child custody. This error was corrected in *Hass v. Knighton,* supra, n. 1.