**Ed Thomas BRUMMITTE, Jr.**

v.

**Anthony LAWSON, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

May 12, 2005 Session.

July 12, 2005.

Permission to Appeal Denied by Supreme Court Dec. 5, 2005.

Douglas T. Jenkins, Rogersville, Tennessee, for Appellants, Anthony Lawson and Kathy Lawson.

Joseph E. May, Mount Carmel, Tennessee, for Appellee, Ed Thomas Brummitte.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

This appeal arises out of a dispute over the proper location of the boundary line between property of the plaintiff and property of the defendants. The trial court held that the boundary line was as established by the plaintiff's surveyor. On appeal, the defendants argue that the trial court's judgment should be vacated for failure to join necessary parties or reversed because the evidence preponderates against the trial court's findings as to the proper location of the disputed boundary line. It is our determination that only the plaintiff's and the defendants' property rights were affected by the trial court's ruling and, therefore, we hold that there was no failure to join any necessary parties in the case. We further hold that the evidence does not preponderate against the trial court's conclusion as to the proper

location of the boundary line. The judgment of the trial court is affirmed and the cause is remanded.

The plaintiff/appellee, Ed Thomas Brummitte, Jr., and the defendants/appellants, Anthony and Kathy Lawson, are the fee simple owners of adjoining tracts of real property located in Hawkins County, Tennessee. In 1999, a dispute arose between the plaintiff and the defendants with regard to the proper location of the boundary line between the two tracts. In an attempt to resolve the dispute, the plaintiff and the defendants each hired their own surveyor to determine the boundary's location; however, their surveys did not agree and the boundary dispute remained unresolved. Thereafter, the plaintiff filed a complaint in the Hawkins County Chancery Court requesting that the trial court establish the boundary line between the parties' properties and enjoin the defendants from coming onto his property. The defendants filed an answer and counterclaim requesting that the boundary lines be established as determined by their surveyor and that the plaintiff be restrained from further interfering with the quiet enjoyment of their property. The case came on for trial after which the trial court entered its judgment and memorandum opinion decreeing that the boundary line at issue be located as determined by the plaintiff's surveyor and that each party be enjoined from interfering with the quiet enjoyment of the property of the other. The defendants now appeal the trial court's judgment.

The two issues presented for our review in this case are restated as follows:

1. Should the judgment of the trial court be vacated and a new trial granted because of failure to join necessary parties?

2. Does the evidence presented in this case preponderate against the conclusions of the trial court?

■ This is a non-jury case and, accordingly, our review is *de novo* upon the record of the trial court without any presumption of correctness attaching to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26, 35 (Tenn.1996) and Tenn. R.App. P. 13(d). We must, however, presume the trial court's factual findings to be correct absent evidence preponderating to the contrary. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn.1993). "On an issue which hinges on the credibility of witnesses, the trial court will not be reversed unless there is found in the record clear, concrete, and convincing evidence other than the oral testimony of witnesses which contradict the trial court's findings." *Galbreath v. Harris,* 811 S.W.2d 88, 91 (Tenn.Ct.App.1990), citing *Tennessee Valley Kaolin Corp. v. Perry,* 526 S.W.2d 488, 490 (Tenn.Ct.App.1974).

■ The first issue we address is whether the trial court's judgment must be vacated for failure to join parties necessary to the suit to establish the boundary line.

After the trial court entered its judgment accepting the boundary line as established by the survey of the plaintiff's surveyor, Randall Orr, the defendants filed an unsuccessful motion to alter or amend the judgment based in part upon the following stated grounds:

> The Court's ruling has the effect of "stirring up" three more boundary line disputes and the survey adopted by the Court very adversely effects [sic] the property rights of other property owners not parties to this action. Those property owners are necessary parties in this matter, and the instant judgment

should be vacated and the issues joined with all necessary parties. The affidavit of Anthony Lawson is attached.

In the referenced affidavit, Anthony Lawson attests as follows:

> "I am Anthony Lawson, one of the Defendants in this action. The survey by Randall Orr which was adopted by the Court pushes my western boundaries further than I believe they actually extend. Mr. Orr did this in an effort to show that I still had my proper amount of acreage after he surveyed off a good portion of my property to Tom Brummitte."

> My neighbors to the west—Mallorys, Baileys, and others—have informed me that they will not accept Orr's survey and will sue me and Tom Brummitte to straighten the lines out correctly. Then I could be left with very little land after living at this location and knowing my boundaries for about 30 years."

In their appellate brief, the defendants reiterate this argument asserting that "adoption of Randall Orr's survey potentially affects the property rights of Bailey, Mallory, and perhaps others to the west." The defendants cite *Roberts v. England,* No. M1999–02688–COA–R3–CV, 2001 WL 575560, (Tenn. Ct.App. M.S., filed May 30, 2001), for the proposition that persons whose real property interests are potentially affected by the outcome of a boundary line suit are necessary parties and must be joined pursuant to the requirements of Tenn. R. Civ. P. 19.01. The defendants contend that the record supports a finding that "Bailey, Mallory and others to the west" are necessary parties to this case and that the trial court's judgment should be vacated for failure to join them. We disagree.

Tenn. R. Civ. P. 19.01 provides as follows:

A person who is subject to the jurisdiction of the court shall be joined as a party if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person properly should join as a plaintiff but refuses to do so, he or she may be made a defendant, or in a proper case, an involuntary plaintiff.

Although the defendants do not so specify, it does not appear that they argue for joinder of the indicated parties based upon section (1) of the Rule which requires joinder if in "the person's absence complete relief cannot be accorded among those already parties." The defendants present no grounds for a finding that relief cannot be accorded in this case absent joinder of their "neighbors to the west—Bailey, Mallory and others" and our review of the record discloses no basis for joining those parties under section (1). Rather, it appears that the defendants contend that joinder is required pursuant to section (2) of the Rule upon grounds that the trial court's decree in this matter either impairs or impedes the excluded parties' ability to protect property interests they may have or exposes the defendants to a risk of inconsistent obligations to these parties.

In addressing this argument, we are compelled to note that the defendants' brief fails to adequately identify those par-ties described as "Mallory and others to the west." The defendants do not state the complete name of "Mallory" and fail to identify any of those parties which are simply designated "others to the west." The defendants further fail to provide any information as to the location of the property of Mallory and the "others" referred to other than indicating that their property is "to the west" of the defendants' property and there is no reference to the record showing how the trial court's ruling affects these parties' properties. Rule 6(b) of the Rules of the Court of Appeals provides in pertinent part that "[n]o assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded." As we have previously stated, "this Court is under no duty to blindly search the record in order to find proof to substantiate the factual allegations of the parties or any other evidence to support a party's contentions." *Pearman v. Pearman,* 781 S.W.2d 585, 588 (Tenn.Ct.App.1989). Failure to comply with the Rules of this Court results in a waiver of the issue raised. *Bean v. Bean,* 40 S.W.3d 52, 55 (Tenn.Ct.App.2000).

We further note that the plaintiff's complaint in this matter specifically requests that *"the boundary line between Plaintiff's and Defendants' properties* be established." (Emphasis added.) Neither the plaintiff's complaint nor the defendants' counter-complaint contains a request that any boundary lines be established other than the one between the plaintiff's and the defendants' properties. Complying with this request in its judgment, the trial court decrees *"the common boundary between the property owned by the parties* to be as described on the attached 'PLAN OF BRUMMITTE–LAWSON BOUNDARY' prepared by C. Randall Orr, RLS, pursuant to the Memorandum Opinion."

(Emphasis added.) The judgment holds nothing with respect to any other boundaries or survey results. The trial court's memorandum opinion also contains no finding or holding as to any matter related to the parties' properties other than the location of the line at which the two properties are adjoined.

The defendants' assertion that "Bailey, Mallory and their neighbors to the west" are persons whose real property interests are potentially affected by the outcome of this case is belied by the specificity of the trial court's ruling which pertains solely to the boundary line dividing the properties of the plaintiff from that of the defendants. If the trial court had adopted a general survey of the parties' properties including the survey of other boundaries defining those properties, joinder of additional parties might have been required. However, a wholesale adoption of that sort did not occur in this case and the trial court's recognition of the boundary as established by the plaintiff's surveyor had no effect on property belonging to Bailey, Mallory or any of the defendants' "neighbors to the west." In *Roberts, id.*, the opinion cited by the defendants in support of their argument, landowners disputed the proper placement of a marker that marked a corner of the plaintiff's property and a corner of the defendant's property. The marker's placement had the potential to affect all land owners whose property was adjacent to, or described by, reference to that point. There is no proof in the case before us that the common boundary between the defendants and the plaintiff affects or has the potential to affect, any other parties and the defendants' argument to the contrary is without merit. No other property rights are determined by reference to the common boundary between the property of the plaintiff and that of the defendants which was established in this case.

Our determination that there was no failure to join necessary parties in the instant case is also consistent with our recent decision in *Arnold v. Bowman*, No. E2004–01151–COA–R3–CV, 2005 WL 1488679 (Tenn. Ct.App. E.S. filed June 23, 2005). In *Arnold*, the defendant land owner argued that he was entitled to summary judgment upon grounds of *res judicata* and collateral estoppel as to a property line dispute with the plaintiff because in a separate property line dispute between the defendant and a third party the trial court had adopted a survey containing a metes and bounds description of the boundary between the properties of plaintiff and defendant. We disagreed with the land owner's argument because the survey adopted by the trial court in the earlier matter was only adopted as to the line shared by the defendant and the third party, that being the only line then at issue. In the instant case, as in *Arnold*, the judgment of the trial court only established the location of the particular property line in question and the rights of no other property owners were affected by the court's decision.

■ The next issue we address is whether the evidence preponderates against the trial court's judgment.

In its memorandum opinion, the trial court states as follows:

In resolving a boundary line dispute, the trial court often must determine the location after having considered the testimony and evidence attendant to competing surveys, *Edward v. Heckmann*, 2003 LEXIS 453 (Tenn.App.2003). According to the testimony of [the defendants' surveyor] Mr. Gary Weems, R.L.S., based upon the public records, recorded deeds and his field work, the location of the common boundary line between Plaintiff and the Defendants is depicted by his survey dated February 4, 1999. According to the testimony of Mr. C. Randall

Orr, R.L.S., all instruments of public record, aerial photographs and his field work support a finding that the common boundary line between the parties is depicted by survey dated October 17, 1999.

Having considered the testimony of all witnesses and parties, as well as the exhibits introduced, this Court concludes that the common boundary line between the adjoining properties of the Plaintiff and the Defendants is located according to the survey of Mr. Randall Orr, R.L.S., dated October 17, 1999.

Absent a description particularizing the boundary's location, the parties were relegated to proving the boundary's location by other evidence. Mr. Orr testified that his conclusion as to the proper location of the boundary was based on information contained in a 1919 deed which describes twenty-one acres constituting the property of the parties herein. Other evidence presented in the case shows that subsequently those twenty-one acres were orally partitioned between the plaintiff's and defendants' predecessors in title with the defendants' predecessors receiving one third of the twenty-one acres and the plaintiff's predecessor receiving two thirds. Mr. Orr's testimony at trial indicates that his establishment of the location of the boundary is consistent with this one third/two third partition. Mr. Orr's testimony further indicates that his location of the boundary follows a fence line visible in aerial photographs that were admitted into evidence in the case. Mr. Orr also testified that his identification of the boundary with this fence line was in accord with Hawkins County tax maps that were also admitted into evidence in the case.

The defendants concede that fencing can be a very decisive element of proof in determining claims of ownership; however, they insist that the line in the aerial photograph relied upon by Mr. Orr is "a dim line which arguably cannot be seen with the naked eye." The defendants also assert that "almost everyone who testified at trial spoke of different fences that had one [sic] been on this property ... and it is impossible to determine which fence the one in the photograph might be *if there is even a fence on the photograph.*" (Emphasis in original.)

Even if the defendants' assertion that the line relied on by Mr. Orr is not visible to the naked eye is true, that fact is inconsequential as long as the line is in any sense discernible and the defendants' description of the line as "dim" precludes the possibility that it is not discernible. Furthermore, Mr. Orr's testimony at trial indicates that he used a stereoscope to examine the photograph and, therefore, did not rely solely on his "naked eye." The defendants' assertion that almost all of the trial witnesses in this case testified as to the existence of fences on the property is not supported by any reference to the record and therefore fails to comply with Rule 6(b) of the Rules of the Court of Appeals. Notwithstanding that deficiency, even if it is true there was testimony at trial regarding various fences on the property and that it is not possible to determine which, if any, of these is the subject fence that does not constitute evidence that the subject fence did not represent the boundary at issue.

Based upon our review of the record we do not find that the evidence preponderates against the trial court's conclusion that the common boundary between the parties' property is as established by the plaintiff's surveyor.

For the foregoing reasons, we affirm the judgment of the trial court and remand for collection of costs. Costs of appeal are

adjudged against Anthony Lawson and Kathy Lawson.