# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
December 6, 2011 Session

## MEGAN A. ROWE ELLIS v. SAMMY D. ROWE, JR.

**Appeal from the Circuit Court for Jefferson County**
**No. 22,657-IV    Hon. O. Duane Slone, Judge**

---

**No. E2011-00375-COA-R3-CV-FILED-FEBRUARY 8, 2012**

---

The divorce action in this case was commenced in 2001. The Final Decree in the divorce action was entered in January 2008. Subsequently, the case was transferred to the Circuit Court in an adjoining county. Post to that transfer, numerous motions and petitions were filed in the Trial Court and on January 5, 2011 the Trial Court tried the issues relating to child support and a parenting plan. As a result of that hearing a Judgment was entered which held that the father failed to appear for the hearing, despite proper notice, had failed to respond to discovery and mediation in violation of the Court's order and the Court found that the mother's proposed parenting plan was in the children's best interest and incorporated the same in its Decree. The Court awarded child support based on the computed amount of income of the father, and also awarded the mother Judgment for her attorney's fees. The Court dismissed all of the father's request for relief and the father appealed. We hold that the facts relied on by the father in his brief are not supported by any evidence in the record, and his conclusions of law are not supported by authority, and the record establishes no basis for finding any merit in the issues raised on appeal. We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Sammy D. Rowe, Jr., Edgewater, Florida, *pro se.*

Cynthia Richardson Wyrick, Sevierville, Tennessee, for the appellee, Megan A. Rowe Ellis.

## OPINION

## Background

Plaintiff, Megan Rowe Ellis ("mother"), filed a Complaint for Divorce in Knox County, against Sammy Rowe, Jr. ("father"), in February 2001. The father did not answer, and in July, 2001 the mother filed a Motion for Default, alleging the father had been properly served with a Summons and copy of the Complaint, but had failed to respond. A Default Judgment was granted to the mother on August 24, 2001, and a Final Decree of Divorce was entered on that date.

In September 2006, the father filed a Motion to Set Aside Final Decree of Divorce, alleging that he had not been served with process in the divorce action, that he was on active duty in the United States Air Force at the time the divorce action was filed, and that he was then court-marshaled and incarcerated for several months. The parties entered into an Agreed Co-Parenting Order on November 14, 2006, which provided that the father was to have co-parenting time with the children on alternate weekends.

The father then filed an Answer and Counter-Complaint for divorce in December 2006, denying that he was guilty of inappropriate marital conduct, and that he should be given custody of the children. In February 2007, the Trial Court set aside the Final Decree of Divorce, finding the father had not been served with process in the divorce action, and was on active duty in the military at the time of the divorce.

The Court entered a Permanent Parenting Plan in December 2007, stating the father would have Thursday afternoon to Sunday afternoon every other week with the children, that the parties would alternate weeks with the children during the summer, and would split the children's school breaks and holidays. This plan was signed by the parties and the Judge. The father subsequently filed a Petition for Contempt for Non-Compliance with the Co-Parenting Plan, but on same date, the Court entered a Final Decree of Divorce, granting a divorce to the mother and incorporating the parenting plan entered on December 14, 2007. The Final Decree was entered *nunc pro tunc* on January 28, 2008.

Disputes over custody and visitation continued, as reflected by documents filed in court by both parties.

On September 10, 2008, the mother and the State filed a Petition for Contempt, alleging the father had not been paying his child support, and owed an arrearage of $1,495.00. At the child support hearing, the referee found the father owed an arrearage of $1,036.84, and the father was ordered to pay $259.00 per month in child support plus $41.00

per month toward the arrearage until it was paid off. The Trial Court affirmed the referee's Findings and Recommendations on June 24, 2009.

On July 8, 2010, the mother filed a Request to Transfer the case to Jefferson County, because she and the children had been living in Jefferson County for nine months, and the father had moved to Florida. A Notice of Transfer was filed, showing that the case had been transferred to Jefferson County, and noting the father filed no opposition.

On October 14, 2010, the Jefferson County Circuit Court entered an Order stating that a hearing was held on October 8, 2010, on the mother's pending motions, i.e. her Request to Suspend Co-Parenting Time, Motion to Compel Discovery, and Motion for Hair Follicle Drug Screen.[1] The Court found the mother and her counsel were present, but the father did not appear despite having proper notice and also despite receiving instructions from the judicial secretary that he needed to be present. The Court suspended the father's co-parenting time pending further orders, ordered the father would submit to a hair follicle drug screen within 5 days (with the cost to be advanced by the mother and reimbursed by the father if he should fail), ordered the father to respond to outstanding discovery within 10 days, and ordered the parties to attend mediation within 45 days.

Then on October 29, 2010, the father filed a Motion to Transfer, asking to transfer the case back to Knox County, alleging that plaintiff's uncle was Judge Dwight Stokes in Sevier County, and that he further alleged that the Judge had "a direct personal and business relationship" with the Judge who was presiding in the case.[2] The father, in another motion on November 1, 2010, moved to Dismiss or Deny Mediation, stating the mother had not complied with Tenn. Code Ann. §36-6-408, such that mediation could not go forward. (Supp.) On the same date, the father also filed a Motion for Mental and Physical Examination, seeking examinations of both the mother and the maternal grandmother, whom the children allegedly were left in the care of regularly.

On November 8, 2010, the father filed yet another Motion, a Motion for Protective Order, seeking protection from the court-ordered hair follicle drug screen.

On December 7, 2010, the Court entered an Order Taxing Mediator Fees as Costs, stating the father was mailed notice on September 8, 2010 of the scheduled mediation,

---

[1] The motions regarding discovery and drug screening do not appear in the record.

[2] This Court granted the father's Motion to Supplement the Record on December 29, 2011, and the pleadings filed by the father in the supplement are not paginated, but will be cited as "Supp."

notifying him of the time and place.[3]  The Court found the mediator had called the father on the day of mediation and the father said he was aware of the scheduled mediation but did not appear.   The Court ordered the father to pay his share of the mediation cost of $200.00.

On December 8, 2010, the mother's counsel filed a Notice of Hearing, stating that a hearing would be held on January 5, 2011, on the mother's Motion for Sanctions, Petition to Immediately Suspend Sammy D. Rowe's Visitation and/or Emergency Petition for Custody, and the mother's Counter-Petition for Modification. (Supp.)  That same date, the mother filed a new proposed PPP, which gave the father no co-parenting time, and required that the father take a parenting class, an anger management class, and pass a drug screen before he could get co-parenting time.

Then in late December, the father filed a Revocation of Voluntary Acknowledgement of Paternity, and denied that he was the biological father of the two minor children, and sought to establish paternity, and seek genetic testing.  On December 29, 2010, the father filed a Demand for Immediate Relief, asserting that he had filed contempt charges against the mother which were pending, and the mother was not in compliance with the PPP.  On that same date, he filed a Motion for Continuance, stating that he could not attend the January 5 hearing, due to his college class schedule.

On January 5, 2011, the Court conducted a hearing and entered a Final Order, stating the father failed to appear for the hearing despite proper notice, and that the father had failed to respond to discovery or attend mediation despite being ordered to do so. The Court also decreed "That all Petitions, Motions, and any requests for relief filed by the Father which are currently pending are hereby dismissed with prejudice."  The Court found that the mother's proposed PPP was in the children's best interests and incorporated the same in the Judgment. The Court awarded child support based on an imputed amount of income to the father, and also awarded the mother a judgment of $3,986.00 for attorney's fees.

The father filed a Notice of Appeal.

## The Appeal

The issues presented on appeal by the father are:

1.      Whether the Judge was guilty of bias/prejudice?

2.      Whether the judicial secretary was competent?

---

[3]  The record does not reflect when the mediation was to have taken place.

3.      Whether the court administrative personnel were competent?

4.      Whether the Judge acted promptly, efficiently, or fairly?

5.      Whether the Judge erred in dismissing father's petitions?

6.      Whether mother met her burden of proof to suspend father's co-parenting?

7.      Whether the Trial Court erred in refusing a continuance to father?

8.      Whether the Trial Court erred in ordering mediation?

9.      Whether the Trial Court erred in assessing mediation costs to father?

The mother raised one issue:

Should the father's appeal be deemed frivolous and fees awarded to her?

As the mother points out, there are a multitude of problems with the father's brief, including an obvious lack of citation to the record or to legal authority. While the father is acting *pro se* and is entitled to some leeway in the form of his brief, he is required to comply with applicable substantive and procedural law. As we have previously explained:

> Conducting litigation involving a pro se litigant can be difficult and challenging. On one hand, a trial judge must accommodate the pro se litigant's legal naivete, and, on the other hand, he must not allow the pro se litigant an unfair advantage because the litigant represents himself.
>
> * * *
>
> Pro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a pro se litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.
>
> Parties who choose to represent themselves are entitled to fair and equal treatment. However, they are not excused from complying with applicable substantive and

procedural law, and they must follow the same procedural and substantive law as the represented party. . .. Pro se litigants are entitled to the same liberality of construction with regard to their pleadings that Tenn. R. Civ. P. 1, 8.05 & 8.06 afford any other litigant.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652-653 (Tenn. Ct. App. 1988)(citations omitted).

Similarly, in *Young v. Barrow*, 130 S.W.3d 59 (Tenn. Ct. App. 2003), this Court stated:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Id.* at 63(citations omitted).

In this case, the father has filed a brief raising numerous issues (in a rambling, train-of-thought type fashion) and drafted his argument in a similar fashion. Giving effect to the substance of the father's claims, he appears to allege procedural errors by the court and incorrect factual findings. He filed no transcript nor statement of evidence, thus rendering us unable to review any factual findings. *See, In the Matter of MR*, 2008 WL 2331030 (Tenn. Ct. App. June 3, 2008). Accordingly, the father's spate of "facts" alleged in his brief are not evidence and cannot be considered. *Id.*

The father has also failed to include any citations to the record or any legal authority in the argument section of his brief. As we have previously stated, we are "under no duty to blindly search the record to find . . . evidence", nor can the father shift this burden to the Court. *See Young*; *Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989). Failure to comply with the Rules of Appellate Procedure and the Rules of the Court constitute a waiver of the issues raised by the father. *See Wright v. Wright*, 2011 WL 2569758 (Tenn. Ct. App. June 30, 2011).

Since the father has made allegations of prejudice or bias on the part of the Trial Judge, we are constrained to address this issue. Allegations of bias and prejudice must be raised at the trial court level by a Motion to Recuse, or the issue is waived. *Yeubanks v. Methodist Healthcare*, 2004 WL 2715338 (Tenn. Ct. App. Nov. 18, 2004). An alleged prejudicial event cannot be silently preserved as an "ace in the hole to be used in the event of an adverse decision." *Id.* at 9. In this case, the father did not file a Motion to Recuse, but did file a motion asking for the case to be transferred to Knox County on October 29, 2010, stating that there was an appearance of impropriety based on the fact that the Trial Judge allegedly had a "direct personal and business relationship" with the mother's uncle, Judge Stokes. (Supp.) As this Court stated in *Yeubanks*:

> The decision of whether recusal is warranted is left to the sound discretion of the judge whose recusal is sought, with the exception of grounds enumerated in Tenn. Const. art. 6, § 11, or Tenn.Code Ann. § 17-2-101 (1994). In cases where recusal is not mandated by the Tennessee Constitution or statute, it is well-established in Tennessee that "the decision of whether recusal is warranted must in the first instance be made by the judge himself or herself." Ms. Yeubanks, by challenging the transfer of her lawsuit back to Division 8 where it was originally heard, sought for the Division 4 circuit court to compel the recusal of Judge Bailey without first giving Judge Bailey the opportunity to recuse himself. We believe this contravenes the principle expressed in *Kinard*, that a motion for recusal must first be decided by the judge whose recusal is sought. If the judge declines to recuse himself or herself, the party who seeks recusal may then challenge this decision on appeal, and the decision will be reviewed under an abuse of discretion standard.

*Id*. at 3 (citations omitted). The father is deemed to have waived this issue.

The record before us does not establish a basis to grant the father relief on the issues he raised on appeal, and his arguments, and the citation of no authority to support his position fail to establish any merit in his issues.

Finally, the mother raises the issue of whether she should be given an award of fees on appeal based on Tenn. Code Ann. §27-1-122, because the father's appeal is frivolous. We agree, and remand for the assessment of fees against Sammy D. Rowe, Jr. The Judgment of the Trial Court is affirmed, and the cause remanded with the cost of the appeal assessed to the appellant, Sammy D. Rowe, Jr.

_____
HERSCHEL PICKENS FRANKS, P.J.