IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2015 Session

## BASIL J. MARCEAUX, SR. v. CITY OF CHATTANOOGA

**Appeal from the Circuit Court for Hamilton County**
**No. 13C778        Jacqueline S. Bolton, Judge**

**No. E2014-00106-COA-R3-CV-FILED-JUNE 8, 2015**

This matter concerns the circuit court's resolution of the appellant's appeal from Chattanooga's City Court of two violations of the municipal code. We affirm the trial court's dismissal decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Basil J. Marceaux, Sr., Soddy Daisy, Tennessee, appellant, pro se.

Kenneth O. Fritz, Keith J. Reisman, and B. Elizabeth Roderick, Chattanooga, Tennessee, for the appellee, City of Chattanooga.

## OPINION

## I.  BACKGROUND

On February 28, 2013, the appellant, Basil J. Marceaux, Sr., was issued citations by a City of Chattanooga ("the City") police officer for two municipal violations: 1) automobile registration (City Code § 24-44) and 2) lack of financial responsibility (no proof of insurance) (City Code § 24-47).  After appearing at the Chattanooga City Court ("the City Court") on April 3, 2013, Marceaux was found guilty of the financial responsibility violation on May 6, 2013.  The record we have before us appears to reveal that he thereafter filed a notice of appeal on June 7, 2013, to the Circuit Court of Hamilton County ("the trial court").

On August 8, 2013, the trial court dismissed Marceaux's challenge upon finding that the appeal from the City Court was not timely. The court, however, subsequently struck its previous order due to a clerical error. In its order of September 10, 2013, the trial court held as follows:

> Defendant pled no contest to the violation at issue in this case and has requested a jury trial. Article VI, Section 14 of the Tennessee Constitution states, "No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars." Pursuant to the Tennessee Constitution, the Court finds that there are no remaining issues on appeal because the fine in this case was not more than fifty dollars. Therefore, the case shall be dismissed. Costs are waived.

The record before us does not reveal the nature of the "clerical error" that resulted in the striking of the prior order, and the court does not address the "timeliness of the appeal" in the new order. After hearing arguments on October 14, 2013, on a motion to reconsider, the trial court confirmed its ruling dismissing the case pursuant to Article VI, Section 14 of the Tennessee Constitution. Arguments again were heard on December 2, 2013, at which time the trial court affirmed its prior constitutionally-based decision.

## II. ISSUES

The issues raised by Marceaux are undecipherable. The issue discussed by the City in its brief addresses the timeliness of Marceaux's notice of appeal - not the basis on which the trial court ultimately dismissed the action.

## III. STANDARD OF REVIEW

We review the trial court's conclusions of law de novo without a presumption of correctness. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

## IV. DISCUSSION

In *Young v. Barrow*, 130 S.W.3d 59 (Tenn.Ct.App.2003), this court stated:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into

account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Id.* at 63 (citations omitted).

In this case, Marceaux has filed a brief raising numerous issues (in a rambling, incoherent fashion) and drafted his argument in a similar fashion. He speaks, inter alia, of "kingpins and ringleaders," "deadly force," "the donkey pin wearer," "United States Marine Corps Force Reconnaissance," officer shootings, the "Emancipation Proclamation," flags with gold trim, "elimination of weapons," the "Civil Rights Act of 1866," and "jury fixing, racketeering, [and] extortion." No transcript or statement of evidence was filed. Any intelligible facts alleged in his brief are not evidence and cannot be considered. There are no citations to the record or any relevant legal authority in the argument section of his brief. This court is "under no duty to blindly search the record to find . . . evidence," nor can Marceaux shift this burden to us. *See Pearman v. Pearman*, 781 S.W. 2d 585, 588 (Tenn. Ct. App. 1989). Failure to comply with the Rules of Appellate Procedure and the Rules of the Tennessee Court of Appeals constitutes a waiver of the issues raised by Marceaux. *See Wright v. Wright*, No. E2009–01932–COA–R3–CV, 2011 WL 2569758 (Tenn. Ct. App. June 30, 2011). The record before us does not establish a basis to grant him any relief. Where there is no transcript of evidence in the record and there is no error apparent on the face of the record, the appellate courts will conclusively presume the findings and judgment of the trial court to be correct.

*Wilson v. Hafley*, 226 S.W.2d 308, 311 (Tenn. 1949); *Lyon v. Lyon*, 765 S.W.2d 759 (Tenn. Ct. App.1988).[1]

## V. CONCLUSION

The judgment of the trial court is affirmed due to the incomplete and unintelligible appellate record. Any pending motions before us are denied. The case is remanded, and the costs of the appeal are assessed to the appellant, Basil J. Marceaux, Sr.

_____
JOHN W. McCLARTY, JUDGE

---

[1]Marceaux's motion regarding oral argument parameters that was deferred to the panel is denied.