IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2018

## ALEXANDER ALAKA v. SHORT CUT AUTO SALES & REPAIRS, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 17C933     Hamilton V. Gayden, Jr., Judge**

_____

### No. M2017-01577-COA-R3-CV

_____

The plaintiff appeals the circuit court's judgment for damages sustained to his vehicle, a reduction from the amount awarded in general sessions court. We vacate the final order and remand for entry of an order that sets forth sufficient findings of fact and conclusions of law in support of the circuit court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S. and BRANDON O. GIBSON, J., joined.

Alexander Alaka, Nashville, Tennessee, Pro Se.

Short Cut Auto Sales & Repairs, Inc., Nashville, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

Alexander Alaka ("Plaintiff") initially filed this action in General Sessions Court for Davidson County against Short Cut Auto Sales & Repairs, Inc. ("Defendant") for recovery of his 2006 Chevy Uplander and a judgment in the amount of $5,000. By default judgment, entered on April 5, 2017, the General Sessions Court entered judgment

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

against Defendant in the amount of $5,000 and also awarded possession of the vehicle to Plaintiff.

Defendant promptly appealed to the Circuit Court for Davidson County, which entered judgment against Defendant in the amount of $250 based upon the case file and the testimony of the parties. Plaintiff filed a timely appeal. He later filed a proposed statement of the evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. The Circuit Court denied the proposed statement, finding that the statement did not convey an accurate and complete account of the final hearing.

The judgment appealed from, in its entirety, is as follows:

This cause came to be heard on Tuesday, July 11, 2017[,] on the non-jury docket before the Honorable Hamilton Gayden, Judge of the First Circuit Court.

After reviewing the file and testimony of the parties, the Court finds that [Defendant] pay [Plaintiff] $250.

The court costs are taxed to [Defendant].[2]

On appeal, Plaintiff argues that the Circuit Court's judgment of $250 was without evidentiary support. He asks this court to reinstate the original $5,000 judgment.[3] There are no citations to the record or any *relevant* legal authority in the argument section of Plaintiff's brief. This court is "under no duty to blindly search the record to find . . . evidence," nor can Plaintiff shift this burden to us. *See Pearman v. Pearman,* 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989). However, the Tennessee Rules of Civil Procedure also task the trial court with drafting an order with findings of fact and conclusions of law that this court may review upon appeal. *See* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.").

Here, the trial court failed to find the facts specially and state separately its conclusions of law before directing entry of the appropriate judgment. In the absence of

---

[2] During the pendency of this appeal, Plaintiff filed a motion to submit late evidence and documentation not considered by the trial court in support of his claims. We denied the motion based upon this court's appellate only jurisdiction. *See* Tenn. Code Ann. § 16-4-108(a)(1) ("The jurisdiction of the court of appeals is appellate only.").

[3] Defendant did not file a responsive brief.

specific findings of fact and conclusions of law, an appellate court will generally either (1) remand the action with direction to the trial court to issue the appropriate findings and conclusions or (2) conduct a de novo review to determine where the preponderance of the evidence lies. *Lovelace v. Copley*, 418 S.W.3d 1, 35-36 (Tenn. 2013) (citations omitted). Conducting a de novo review is not feasible here given the absence of a transcript or approved statement of the evidence.

With the above considerations in mind, we must vacate the final order and remand for entry of an order that sets forth sufficient findings of fact and conclusions of law in support of the court's decision. Costs of the appeal are taxed one-half to the appellant, Alexander Alaka, and one-half to the appellee, Short Cut Auto Sales & Repairs, Inc.

_____
JOHN W. McCLARTY, JUDGE