IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 2, 2020

## WALTER PAYNE v. KROGER LIMITED PARTNERSHIP I

**Appeal from the Circuit Court for Shelby County**
**No. CT-000225-18  Felicia Corbin Johnson, Judge**

————————————————————

### No. W2019-00479-COA-R3-CV

————————————————————

Pro se appellant appeals the trial court's involuntary dismissal of his action pursuant to Tennessee Rule of Civil Procedure 41.02(2).  The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27.  Accordingly, we find that any issues on appeal are waived.  We affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Walter Payne, Memphis, Tennessee, Pro Se.

Kevin D. Bernstein, Memphis, Tennessee, for the appellee, Kroger Limited Partnership I.

## OPINION

### I.    BACKGROUND

This action originated in the Shelby County Chancery Court.  On July 27, 2017, pro se Appellant filed a complaint against Appellee, alleging "discrimination," "refusal of service," "period of abuse," and "harassment," and seeking damages in the amount of $15,000,000.  Appellant alleged that when he went to the Kroger deli to purchase some chicken, the clerk treated him badly, but treated another customer respectfully.  He further alleged that on a different date, while he was using the self-checkout, a Kroger employee helped another customer before him, even though he requested help first.  Appellee moved to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6).  The

Chancery Court denied this motion and permitted Appellant to amend his complaint. On October 3, 2017, Appellant filed an amended complaint, adding an additional claim of negligence against Appellee. In support of the negligence claim, Appellant alleged that on October 20, 2016, he "fractured his pinky finger when he [was] refused service from the deli employees after he was told that he had to call in the order for the 12 piece[s] of chicken." He more specifically alleged that he "had to walk to the next Krogers [*sic*], located at Poplar & Kirby Parkway," and that "[i]n the process of trying to bring groceries home, [he] fell and fractured his pinky finger."

The Chancery Court transferred the matter to the Shelby County Circuit Court pursuant to Tennessee Code Annotated section 16-11-102. Appellee answered the amended complaint on January 30, 2018. Appellant filed several motions, including a Motion for Default Judgment, Motion in Opposition to Defendant's Answer, and Motion Against the Defendant's Act of Coercion/Duress, all of which the trial court denied. Appellee moved for summary judgment. The trial court found that all of Appellant's claims except for the negligence claim arose "out of an alleged 'refusal of service' governed by Title II of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000a *et seq*." Accordingly, the court concluded that it lacked subject matter jurisdiction over the federal law claims and dismissed them pursuant to Tennessee Rule of Civil Procedure 12.02(1). The court denied summary judgment as to the remaining negligence claim and scheduled a bench trial for January 10, 2019.

The record does not contain a transcript of the trial. In its final February 13, 2019 Order of Judgment for Defendant, the trial court related that, besides Appellant's own testimony, no other witness or evidence was presented during Appellant's case-in-chief. Appellee moved for involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2). Finding that "Plaintiff failed to establish the requisite elements of notice, causation, or damages," the court held that Appellant had shown no right to relief and dismissed the action. This appeal followed.

## II. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

# III. DISCUSSION

There are two preliminary matters. First, there is no trial transcript in the record, and the Statement of the Evidence does not convey a fair, accurate and complete account of what transpired with respect to any issues that are the bases of this appeal. *See* Tenn. R. App. P. 24(c). Second, Appellant states that he "has submitted his medical records to the TN Court of Appeals for examination, and he would like for the Honorable TN Court of Appeals to contact any of the medical bills or records for verification." This court "may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14." Tenn. R. App. P. 13(c). Facts that may be judicially noticed pursuant to Rule 14 include those "capable of ready demonstration, affecting the positions of the parties or the subject matter of the action such as mootness, bankruptcy, divorce, death, other judgments or proceedings, relief from the judgment requested or granted in the trial court, and other similar matters." Tenn. R. App. P. 14(a). Appellant's medical records and bills do not fall within Rule 14's parameters, so we have not considered them on appeal.

We turn now to Appellant's brief which is seven sentences in length. Appellee argues that Appellant's brief "utterly fails to abide by the requirements of Rule 27 of the Tennessee Rules of Appellate Procedure" and asks us to affirm the trial court's judgment. We agree with Appellee.

In *Young v. Barrow*, this court stated:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7,

8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003) (citations omitted).

Although we are mindful of his pro se status, our review of this case is hindered because Appellant did not comply with Tennessee Rule of Appellate Procedure 27 which instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Appellant's brief does not comply with Rule 27 in any meaningful way. The brief lacks a statement of the issues, statement of the case, and statement of facts. It vaguely refers to the trial court's actions—for example, stating that the court "did not control

- 4 -

some of the disrespectful comments that came from the Appellee"—but does not cite to any alleged error of the trial court in the record or any legal authority whatsoever. Appellant invites us to guess at what assignments of error he wishes to raise and where those may be found in the record. However, we may only consider the issues that are properly raised, argued, and supported with relevant authority. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

Furthermore, by not providing any citations to the record, Appellant has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). This court is "under no duty to blindly search the record to find . . . evidence," nor can Appellant shift this burden to us. *See Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989). Failure to comply with the Rules of Appellate Procedure and the Rules of the Tennessee Court of Appeals constitutes a waiver of the issues raised by Appellant. *See Wright v. Wright*, No. E2009-01932-COA-R3-CV, 2011 WL 2569758 (Tenn. Ct. App. June 30, 2011); *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000). For these reasons, we find and hold that Appellant has waived any issues he may have attempted to raise on appeal. Accordingly, we affirm the trial court's decision.

## IV.     CONCLUSION

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and consistent with this Opinion. Costs of the appeal are taxed to the appellant, Walter Payne, for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE