FILED
09/15/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 2, 2021

COUNTY OF SUMNER, IN ITS OWN CAPACITY AND FOR THE USE
AND BENEFIT OF THE STATE OF TENNESSEE, ET AL. v. DELINQUENT
TAXPAYERS AS SHOWN ON THE REAL PROPERTY TAX RECORDS,
JAY KALBES

Appeal from the Chancery Court for Sumner County
No. 1-145, 1-61, 2012-DT-1, 2013-DT-1, 2014-DT-1, 2015-DT-1, 2016-DT-1, 2017-
DT-1, 2018-DT-1   Louis W. Oliver, III, Chancellor
_____

No. M2020-01119-COA-R3-CV
_____

This is an appeal by a pro se appellant. Due to the deficiencies in the appellant's brief on appeal, we conclude that he waived consideration of any issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Jay Kalbes, Hendersonville, Tennessee, Pro Se.

M. Allen Ehmling, Gallatin, Tennessee, for the appellee, Lori D. Atchley.

Leah May Dennen and Benjamin C. Allen, Gallatin, Tennessee, for the appellee, Sumner County, Tennessee.

**OPINION**

**I.   FACTS & PROCEDURAL HISTORY**

Lori D. Atchley purchased property at a tax sale on November 7, 2019. The purchase price was $85,000. The tax sale was confirmed by court decree on November 26, 2019. On June 8, 2020, the taxpayer, Jay Kalbes, filed a motion to redeem the property.

Ms. Atchley filed a response claiming rent for eight months at the rate of $1,500 per month, for a total of $12,000. She asked the court to require Mr. Kalbes to pay this sum in order to redeem the property. She filed with the trial court a letter dated November 10, 2019, addressed to Mr. Kalbes, in which she had requested monthly rent at the rate of $1,500 because Mr. Kalbes indicated that he intended to redeem the property at a later date. *See* Tenn. Code Ann. § 67-5-2503(b) ("A purchaser not making an advance demand for rents or profits shall have no rights to rents or profits from a taxpayer who has remained in possession during the redemption period.").

The trial court held an evidentiary hearing, of which we have no transcript. The trial court only approved a "partial statement of the evidence" prepared by Mr. Kalbes, which consists of only three sentences:

> The property of 109 Jennings drive was occupied on the date of sale and continued to be occupied.
> Purchaser of property never sought a writ of possession. There were no rents collected from tenant as tenant was the daughters mother in law.

However, the written order states that the trial court heard testimony from witnesses, including Mr. Kalbes and Ms. Atchley. The trial court found that Mr. Kalbes was entitled to redeem the property but that he was required to pay the rent requested by Ms. Atchley in addition to an additional sum of interest, slightly more than he had initially calculated. The trial court found that Mr. Kalbes was a licensed real estate agent and broker and that he did have notice of Ms. Atchley's demand for rent. Mr. Kalbes timely filed a notice of appeal. Although he was represented by counsel in the trial court, Mr. Kalbes has proceeded *pro se* on appeal.

## II. DISCUSSION

Our ability to review this appeal is hindered by the state of Mr. Kalbes's brief on appeal. Tennessee Rule of Appellate Procedure 27 states:

> (a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
> (1) A table of contents, with references to the pages in the brief;
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
> (3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
> (4) A statement of the issues presented for review;
> (5) A statement of the case, indicating briefly the nature of the case, the

course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Mr. Kalbes's brief wholly fails to comply with Rule 27. It consists of three substantive pages with only a designated standard of review section and a conclusion. The standard of review section cites cases from the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit on the substantial and material evidence standard, which is inapplicable here. It contains no table of contents, no table of authorities, no designated statement of the case, statement of facts, or argument section, and more importantly, it contains no statement of issues and not a single citation to the record on appeal.

Rule 6 of the Rules of the Court of Appeals of Tennessee provides,

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). Mr. Kalbes's brief does not comply with this Rule. "[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue." *Boswell v. Young Men's Christian Ass'n of Middle Tenn.*, No. M2018-00180-COA-R3-CV, 2019 WL 1422926, at *5 (Tenn. Ct. App. Mar. 29, 2019) (citing *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000)); *see, e.g.*, *Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 871 (Tenn. Ct. App. 2018) ("Duracap's failure to provide appropriate citations [to the record] regarding this matter results in a waiver of the issue."). "[T]his Court is under no duty to blindly search the record in order to find proof to substantiate the factual allegations of the parties or any other evidence to support a party's contentions." *Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989) (citing *Schoen v. J.C. Bradford & Co.*, 642 S.W.2d 420, 427 (Tenn. App. 1982); *Redbud Cooperative Corp. v. Clayton*, 700 S.W.2d 551, 557

(Tenn. App. 1985)).

Furthermore, "'[t]he requirement of a statement of the issues raised on appeal is no mere technicality.'" *Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015) (quoting *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)). "'Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4)' in order to be properly before this Court." *Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018) (quoting *In re Estate of Burke*, No. M2012-01735-COA-R3-CV, 2013 WL 2258045, at *6 (Tenn. Ct. App. May 21, 2013)). According to the Tennessee Supreme Court, "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see, e.g.*, *Mid-S. Maint. Inc. v. Paychex Inc.*, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *11 (Tenn. Ct. App. Aug. 14, 2015) (deeming an issue waived where the brief did not contain a statement of the issues section but the contention was presented within the argument section of the brief); *Forbess v. Forbess*, 370 S.W.3d 347, 358 (Tenn. Ct. App. 2011) (deeming an issue waived where the party's brief contained no statement of the issues section and rejecting the argument that "headings within [the] table of contents" were sufficient to present issues on appeal); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue.").

"When a party fails to comply with Tenn. R. App. P. 27, this court has the authority to dismiss the appeal." *Riebsame v. Schemel*, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing *Bean*, 40 S.W.3d at 54-55; *Watt v. Watt*, No. M2014-02565-COA-R3-CV, 2016 WL 1730659, at *4 (Tenn. Ct. App. Apr. 27, 2016)). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011). Both Ms. Atchley and Sumner County filed briefs in this appeal arguing that Mr. Kalbes's brief fails to comply with the rules of this Court and that his appeal should be dismissed. We agree. *See, e.g.*, *Quaites v. Univ. of Tenn. Coll. of Pharmacy*, No. M2011-00923-COA-R3-CV, 2012 WL 172893, at *6 (Tenn. Ct. App. Jan. 19, 2012) (dismissing an appeal where the brief lacked "(1) a statement of the issues presented for review, (2) a statement of the case, (3) a statement of the facts, or (5) references to the appellate record").[1]

We recognize that Mr. Kalbes has proceeded pro se on appeal. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts," but we cannot

---

[1] We note that Mr. Kalbes attached a table of contents and table of authorities as an exhibit to his reply brief, but he made no attempt to cite to the record or designate any specific issues for review on appeal.

- 4 -

"excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). To do so would be manifestly unfair to the opposing party. "All filers, including pro se filers, must comply with Rule 27's basic requirements." *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *3 (Tenn. Ct. App. July 5, 2017) (citing *Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014)).

In her brief, Ms. Atchley raised an issue regarding whether she should be awarded attorney fees for having to defend against a frivolous appeal.

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122. "'A frivolous appeal is one that is devoid of merit, or one in which there is little prospect that [an appeal] can ever succeed.'" *Coolidge v. Keene*, 614 S.W.3d 106, 119 (Tenn. Ct. App. 2020) (quoting *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005)). An award of such fees "rests in the appellate court's sound discretion." *Eberbach v. Eberbach*, 535 S.W.3d 467, 475 (Tenn. 2017). "[A]n appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding." *In re Est. of Rogers*, 562 S.W.3d 409, 431-32 (Tenn. Ct. App. 2018) (quoting *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003)). Aside from the deficiencies in Mr. Kalbes's brief on appeal, he also failed to provide this Court with a transcript or a complete statement of the evidence, all while arguing that the proceeding below amounted to a "liar's contest" with conflicting testimony. Given the state of his brief and the record on appeal, this appeal had no reasonable chance of success. The trial court should determine a reasonable attorney fee to be awarded to Ms. Atchley on remand.

### III. CONCLUSION

For the aforementioned reasons, this appeal is dismissed for failure to comply with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals of Tennessee. Costs of this appeal are taxed to the appellant, Jay Kalbes, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE