IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 17, 2022 Session

## SAMUEL MORRIS REED v. CARS OF NASHVILLE, INC.

**Appeal from the Circuit Court for Davidson County**
**No. 21C1032        Joseph P. Binkley, Jr., Judge**

_____

### No. M2021-00854-COA-R3-CV

_____

This action involves a contractual dispute over the sale of a 2010 Honda Civic that a pro se appellant purchased from a used car dealer. The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived. We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KRISTI M. DAVIS, J., joined.

Samuel Morris Reed, Nashville, Tennessee, Pro Se.

John H. Morris, Nashville, Tennessee, for the appellee, Cars of Nashville, Inc.

## OPINION

### I.      BACKGROUND

On November 25, 2020, Samuel Morris Reed ("Appellant") purchased a 2010 Honda Civic from appellee Cars of Nashville, Inc. ("the Dealer") for $5,995.00. Following Appellant's purchase of the car, a dispute regarding the tags and registration ensued. In December 2020, Appellant returned the car to the Dealer's lot, demanded a refund, and left the car there without the Dealer's consent. The Dealer refused to refund the purchase price and twice informed Appellant that he should retrieve the vehicle or else be charged a daily $35.00 storage fee beginning on January 1, 2021. Appellant did not retrieve the car. On April 21, 2021, he brought a civil action in the General Sessions Court for Metropolitan Nashville and Davidson County based on the dispute with the Dealer and demanded

"refund on a void sale." Specifically, Appellant demanded "cost of vehicle $6,854.84," "attorney expense $195.00,"[1] "punitive charge $300.00," "interest $50.00," "administrative expense $25.00," and "court cost." Following a hearing on the merits, the General Sessions Court dismissed the lawsuit.

Appellant appealed to the Circuit Court for Davidson County ("the trial court"). Following a hearing in which each party presented testimony and argument, the trial court found that the legally executed and binding contract for the sale of the car contained explicit language that Appellant was to "pay for License, Sticker and Title separately in cash as [the Dealer] does not furnish these items." The trial court determined that the Dealer fully performed its responsibilities pursuant to the contract and that neither the sale of the car nor the contract was void or voidable due to any defect in the contract or performance thereon. By consent and agreement of the parties, the trial court awarded the purchase amount paid, as well as possession and full ownership of the car, to the Dealer for restitution and in lieu of reasonable accrued storage fees of $6,650.00. Appellant testified that he agreed with this resolution of the case and that he had previously misunderstood the contract. This appeal followed.

## II. STANDARD OF REVIEW

We review a non-jury case de novo upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). This presumption of correctness applies only to findings of fact and not to conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011).

## III. DISCUSSION

In his brief, Appellant did not assign any error to the trial court's decision. He does not raise any discernable issues but, merely states that "[t]he only equitable way to resolve this is to vacate [the] Circuit Court ruling [] and to revert to filing from General Session[s] Court." The Dealer asks this court to dismiss the appeal based upon Appellant's complete failure to follow the Tennessee Rules of Appellate Procedure in his brief. Specifically, the

---

[1] Appellant has proceeded pro se throughout this litigation.

Dealer argues that Appellant failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure and with Rule 6 of the Tennessee Court of Appeals. We agree with the Dealer.

In *Young v. Barrow*, this court stated:

Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers.

Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries. They are, however, entitled to at least the same liberality of construction of their pleadings that Tenn. R. Civ. P. 7, 8.05, and 8.06 provide to other litigants. Even though the courts cannot create claims or defenses for pro se litigants where none exist, they should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers.

*Young v. Barrow*, 130 S.W.3d 59, 62–63 (Tenn. Ct. App. 2003) (citations omitted).

Although we are mindful of his pro se status, our review of this case is hindered because Appellant did not comply with Tennessee Rule of Appellate Procedure 27 which instructs that the appellant's brief "shall contain:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Appellant's brief contains some legal terminology, certain implications, an unsupported reference to due process, and various factual claims. However, Appellant's brief does not comply with Rule 27 in any meaningful way. The brief lacks a statement of the issues, statement of the case, table of authorities, references to the record, and citation to any legal authority whatsoever. Appellant provides no reasons why his contentions require appellate relief and invites us to guess at what assignments of error he wishes to raise and where those may be found in the record. However, we may only consider the issues that are properly raised, argued, and supported with relevant authority. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("[F]or an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."); *see also* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review.").

Furthermore, by not providing any citations to the record, Appellant has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). This court is "under no duty to blindly search the record to find . .

- 4 -

. evidence," nor can Appellant shift this burden to us. *See Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989). "[F]ailure to comply with the Rules of Appellate Procedure and the Rules of this Court" constitutes a waiver of the issues raised by Appellant. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

Despite liberally construing Appellant's brief, we discern no issues of law or legal argument, nor can we overlook its serious deficiencies. For these reasons, we find and hold that Appellant has waived any issues he may have attempted to raise on appeal. Accordingly, we exercise our discretion to dismiss this appeal. *See Bean*, 40 S.W.3d at 55–56.

## IV.  CONCLUSION

This appeal is hereby dismissed. Costs of the appeal are taxed to the appellant, Samuel Morris Reed, for which execution may issue if necessary.

_____
JOHN W. MCCLARTY, JUDGE