FILED
05/23/2024
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 1, 2024

## ORSON E. STEWARD v. REGENT HOMES, LLC, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 21C1368  Lynne T. Ingram, Judge**

_____

**No. M2023-01059-COA-R3-CV**

_____

This is an appeal by a *pro se* appellant. Due to the deficiencies in the appellant's brief on appeal, we conclude that he waived consideration of any issues on appeal and hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Orson E. Steward, Antioch, Tennessee, Pro se.

Miles Thomas Martindale, Brentwood, Tennessee, for the appellee, Regent Homes, LLC.

**MEMORANDUM OPINION[1]**

### I.  FACTS & PROCEDURAL HISTORY

Plaintiff Orson E. Steward filed this lawsuit against Regent Homes, LLC, alleging negligence and other related claims arising from the flooding of Mr. Steward's dwelling. The trial court granted summary judgment to Regent Homes and dismissed Mr. Steward's

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

complaint in its entirety. He then filed a notice of appeal to this Court.

## II. DISCUSSION

Our ability to review this appeal is hindered by the state of Mr. Steward's brief on appeal. Tennessee Rule of Appellate Procedure 27 states:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:
(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A short conclusion, stating the precise relief sought.

Mr. Steward's brief wholly fails to comply with Rule 27. It consists of eight pages without any of the sections required by Rule 27. It contains no table of contents, no table of authorities, no designated statement of the case, statement of facts, or argument section, and more importantly, it contains no statement of issues and not a single citation to relevant authorities or to the record on appeal. "Courts have routinely held that the failure to comply with even one of the Rule 27 requirements constitutes a waiver of the appellate issue." *Short v. Alston*, No. W2022-00666-COA-R3-CV, 2023 WL 5294531, at \*2 (Tenn. Ct. App. Aug. 17, 2023).

Rule 6 of the Rules of the Court of Appeals of Tennessee provides,

No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to *the page or pages of the record* where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b) (emphasis added). Mr. Steward's brief does not comply with this Rule. Although the record on appeal consists of six volumes, his brief only cites to three exhibits he attached to his brief. These are not sufficient or proper citations to the record. *See Oakes v. Oakes*, No. E2016-00274-COA-R3-CV, 2016 WL 7468198, at *1 (Tenn. Ct. App. Dec. 28, 2016) (concluding that a brief failed to comply with Rule 27 where it "lack[ed] a single citation to the record" and instead referred to numerous "exhibits" attached as an appendix to the brief, some of which appeared to be copies of documents entered as trial exhibits, but with no references to pages in the record where the exhibits were introduced). "[O]ur courts have routinely held that the failure to make appropriate references to the record as required by Rule 27(a)(7) constitutes a waiver of the issue." *Boswell v. Young Men's Christian Ass'n of Middle Tenn.*, No. M2018-00180-COA-R3-CV, 2019 WL 1422926, at *5 (Tenn. Ct. App. Mar. 29, 2019) (citing *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000)); *see, e.g.*, *Duracap Asphalt Paving Co. Inc. v. City of Oak Ridge*, 574 S.W.3d 859, 871 (Tenn. Ct. App. 2018) ("Duracap's failure to provide appropriate citations [to the record] regarding this matter results in a waiver of the issue."). "[T]his Court is under no duty to blindly search the record in order to find proof to substantiate the factual allegations of the parties or any other evidence to support a party's contentions." *Pearman v. Pearman*, 781 S.W.2d 585, 588 (Tenn. Ct. App. 1989) (citing *Schoen v. J.C. Bradford & Co.*, 642 S.W.2d 420, 427 (Tenn. App. 1982); *Redbud Cooperative Corp. v. Clayton*, 700 S.W.2d 551, 557 (Tenn. App. 1985)).

Furthermore, "'[t]he requirement of a statement of the issues raised on appeal is no mere technicality.'" *Clayton v. Herron*, No. M2014-01497-COA-R3-CV, 2015 WL 757240, at *3 (Tenn. Ct. App. Feb. 20, 2015) (quoting *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011)). "'Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4)' in order to be properly before this Court." *Gibson v. Bikas*, 556 S.W.3d 796, 810 (Tenn. Ct. App. 2018) (quoting *In re Estate of Burke*, No. M2012-01735-COA-R3-CV, 2013 WL 2258045, at *6 (Tenn. Ct. App. May 21, 2013)). According to the Tennessee Supreme Court, "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012); *see, e.g.*, *Mid-S. Maint. Inc. v. Paychex Inc.*, No. W2014-02329-COA-R3-CV, 2015 WL 4880855, at *11 (Tenn. Ct. App. Aug. 14, 2015) (deeming an issue waived where the brief did not contain a statement of the issues section but the contention was presented within the argument section of the brief); *Forbess v. Forbess*, 370 S.W.3d 347, 358 (Tenn. Ct. App. 2011) (deeming an issue waived where the party's brief contained

no statement of the issues section and rejecting the argument that "headings within [the] table of contents" were sufficient to present issues on appeal); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue.").

Moreover, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010); *see also Lacy v. Big Lots Stores, Inc.*, No. M2019-00419-COA-R3-CV, 2023 WL 163974, at *3 (Tenn. Ct. App. Jan. 12, 2023) ("Generally, when a party fails to cite to relevant authority, we consider that issue waived."); *Berry v. City of Memphis*, No. W2014-01236-COA-R3-CV, 2015 WL 1650763, at *4 (Tenn. Ct. App. Apr. 13, 2015) ("Our courts have repeatedly held that the failure to cite to relevant legal authority to support an argument may result in a waiver of the argument on appeal.").

"When a party fails to comply with Tenn. R. App. P. 27, this court has the authority to dismiss the appeal." *Riebsame v. Schemel*, No. E2018-01798-COA-R3-CV, 2019 WL 4667586, at *4 (Tenn. Ct. App. Sept. 24, 2019) (citing *Bean*, 40 S.W.3d at 54-55). "We have previously held that a litigant's appeal should be dismissed where his brief does not comply with the applicable rules, or where there is a complete failure to cite to the record." *Commercial Bank, Inc. v. Summers*, No. E2010-02170-COA-R3-CV, 2011 WL 2673112, at *2 (Tenn. Ct. App. July 11, 2011)). Regent Homes filed a brief in this appeal arguing that Mr. Steward's brief fails to comply with the rules of this Court and that his appeal should be dismissed. We agree. *See, e.g.*, *Quaites v. Univ. of Tenn. Coll. of Pharmacy*, No. M2011-00923-COA-R3-CV, 2012 WL 172893, at *6-8 (Tenn. Ct. App. Jan. 19, 2012) (dismissing an appeal where the brief lacked "(1) a statement of the issues presented for review, (2) a statement of the case, (3) a statement of the facts, or (5) references to the appellate record").

We recognize that Mr. Steward has proceeded pro se on appeal. "Parties who decide to represent themselves are entitled to fair and equal treatment by the courts," but we cannot "excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). "All filers, including pro se filers, must comply with Rule 27's basic requirements." *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *3 (Tenn. Ct. App. July 5, 2017) (citing *Murray v. Miracle*, 457 S.W.3d 399, 404 (Tenn. Ct. App. 2014)).

### III. CONCLUSION

For the aforementioned reasons, this appeal is dismissed for failure to comply with Tennessee Rule of Appellate Procedure 27 and Rule 6 of the Rules of the Court of Appeals

of Tennessee.  Costs of this appeal are taxed to the appellant, Orson E. Steward, for which execution may issue if necessary.

_____
CARMA DENNIS McGEE, JUDGE